Filed 7/1/26  P. v. U.S. Fire Ins. Co. CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>UNITED STATES FIRE INSURANCE COMPANY,<br>　　　Defendant and Appellant. | C102654<br><br>(Super. Ct. No. MAN-CR-FE-2021-0006034) |

Appellant United States Fire Insurance Company (United States Fire) appeals the trial court's denial of its motion to vacate summary judgment and to set aside the forfeiture of a bail bond.  It argues that the court lacked jurisdiction to forfeit the bond because the forfeiture was not ordered until the day after the defendant was originally required to appear.  We conclude the trial court did not lack fundamental jurisdiction to forfeit the bond.  We therefore affirm.

BACKGROUND

On May 24, 2023, Citywide Bail Bonds (Citywide) posted a bail bond for United States Fire in the amount of $50,000 for the release of a defendant charged with second degree burglary.  The bond stated that the defendant was to appear on August 21, 2023 at 8:30 a.m.  The register of actions in the record shows that, on June 9, 2023, the trial court

changed the hearing date to August 22, 2023 and notified the bondsman, who was to notify the defendant.

On August 22, 2023, the defendant failed to appear. The trial court issued a warrant for his arrest and declared the bond forfeited. (Pen. Code, § 1305, subd. (a).)[1] The court sent United States Fire and Citywide a notice of forfeiture dated August 24, 2023 advising of the forfeiture and the right to challenge it within 180 days.

United States Fire did not challenge the forfeiture, and on February 28, 2024, the trial court issued an order granting summary judgment in favor of the state and against United States Fire for the amount of the bond. The court sent a notice of the order to United States Fire that same day. Demand for immediate payment of the judgment was filed on March 11, 2024.

On March 19, 2024, United States Fire filed a motion to set aside the summary judgment on the ground that the defendant was arrested in Stanislaus County during the 180-day period and released without being returned to San Joaquin County. San Joaquin County opposed the motion, arguing that the defendant was last in custody in that county in February 2023 and that United States Fire had not otherwise established the requirements for relief.

The trial court held a hearing on United States Fire's motion on April 4, 2024. The record on appeal does not contain any order on the motion, but the parties' briefing below indicates that the motion was denied that same day. Later that month, the February 28, 2024 grant of summary judgment became final. (Cal. Rules of Court, rule 8.104 (a)(1)(A); *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 659 & fn. 5 (*American Contractors*).)

---

[1] Undesignated statutory references are to the Penal Code.

On September 30, 2024, United States Fire filed a second motion to set aside the entry of summary judgment. The motion argued that the defendant had appeared in the trial court on the original appearance date (August 21, 2023) and that the trial court lacked jurisdiction to declare the bond forfeited the next day.

After a hearing, the trial court denied the motion. The court agreed with the County that United States Fire's second motion should be treated as a motion for reconsideration under Code of Civil Procedure section 1008 and, under that statute, the motion was not timely.

United States Fire appealed.

DISCUSSION

I.

"While bail bond proceedings occur in connection with criminal prosecutions, they are independent from and collateral to the prosecutions and are civil in nature. [Citation.] 'The object of bail and its forfeiture is to insure the attendance of the accused and his [or her] obedience to the orders and judgment of the court.' " (*American Contractors*, *supra*, 33 Cal.4th at p. 657.) The " 'bail bond is a contract between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond.' " (*Ibid.*)

"When a person for whom a bail bond has been posted fails without sufficient excuse to appear as required, the trial court must declare a forfeiture of the bond. (§ 1305, subd. (a).) The 185 days after the date the clerk of the court mails a notice of forfeiture (180 days plus five days for mailing) to the appropriate parties is known as the appearance period. (§ 1305, subd. (b).) During this time, the surety on the bond is entitled to move to have the forfeiture vacated and the bond exonerated on certain grounds, such as an appearance in court by the accused. (§ 1305, subd. (c)(1).) The trial court may also toll the appearance period under certain circumstances, or extend the period by no more than 180 days from the date the trial court orders the extension,

3

provided that the surety files its motion before the original 185-day appearance period expires and demonstrates good cause for the extension. (§§ 1305, subds. (e), (i), 1305.4.)" (*American Contractors*, *supra*, 33 Cal.4th at p. 658, fn. omitted.) "After the appearance period expires, the trial court has 90 days to enter summary judgment on the bond. (§ 1306, subds. (a), (c).)" (*American Contractors*, at p. 658, fn. omitted.) This judgment becomes final 60 days from the mailing of the notice of entry of judgment. (*Id.* at p. 659.) Upon a showing of good cause, a motion brought to vacate the forfeiture of bail on the ground that "outside the county where the case is located, the defendant is surrendered to custody by the bail or is arrested in the underlying case within the 180-day period" (§ 1305, subd. (c)(3)) "may be filed within 20 days from the mailing of the notice of entry of judgment under [s]ection 1306." (§ 1305.6, subd. (b); see *People v. Accredited Surety Casualty Co.* (2014) 230 Cal.App.4th 548, 556-557.)

An order denying a motion to vacate summary judgment on a bail bond forfeiture is appealable (*People v. Bankers Ins. Co.* (2010) 181 Cal.App.4th 1, 5, fn. 4), while the denial of a motion for reconsideration under Code of Civil Procedure section 1008 is not (*People v. Safety National Casualty Corp.* (2010) 186 Cal.App.4th 959, 973).

II.

In this case, United States Fire maintains that the trial court erred in denying its second motion to vacate summary judgment because the court lacked jurisdiction to forfeit the bond, jurisdictional defects render a judgment void, and a void judgment can be corrected at any time. Whether a judgment is void for lack of jurisdiction is a legal question we review de novo. (*People v. The North River Ins. Co.* (2020) 48 Cal.App.5th 226, 232.)

"[J]urisdictional errors are of two types. 'Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' [Citation.] When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus

4

vulnerable to direct or collateral attack at any time.' [Citation.]" (*American Contractors*, *supra*, 33 Cal.4th at p. 660.)

The concept of " 'lack of jurisdiction' is not limited to these fundamental situations," however. (*American Contractors*, *supra*, 33 Cal.4th at p. 661.) It also applies when the court "has jurisdiction over the subject matter and the parties in the fundamental sense," but "has no 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites." (*Ibid.*) "When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable. [Citations.] That is, its act or judgment is valid until it is set aside, and a party may be precluded from setting it aside by 'principles of estoppel, disfavor of collateral attack or res judicata.' [Citation.] Errors which are merely in excess of jurisdiction should be challenged directly, for example by motion to vacate the judgment, or on appeal, and are generally not subject to collateral attack once the judgment is final unless 'unusual circumstances were present which prevented an earlier and more appropriate attack.' " (*Ibid.*)

Here, even assuming the trial court erred in treating United States Fire's second motion to vacate as an untimely motion for reconsideration under Code of Civil Procedure section 1008 instead of as a collateral attack on the entry of summary judgment, United States Fire has not demonstrated that the trial court lacked fundamental jurisdiction to forfeit the bond. United States Fire relies principally on the rule that a trial court's failure to declare a forfeiture on the day of a defendant's nonappearance divests the trial court of fundamental jurisdiction over the bond and results in a void, not merely voidable, judgment. (See, e.g., *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 905-907 [trial court's failure to declare forfeiture of a bond at the time of an unexcused absence divests court of jurisdiction to do so later]; *People v. Amwest Surety Ins. Co.* (2004) 125 Cal.App.4th 547, 550-554 [trial court's failure to declare forfeiture in open court exonerated bond and divested court of fundamental jurisdiction to enter summary

5

judgment on that forfeiture].) But that is not what happened here. To the contrary, the trial court declared the bond forfeited on the same day on which the defendant failed to appear (August 22, 2023).

United States Fire argues that the defendant appeared in the trial court on the original appearance date (August 21, 2023) and was never informed of the new hearing date. " '[W]hen an order or judgment of a [state] court … is collaterally attacked, the only evidence that may be considered in determining whether the order or judgment is void is the record in the proceeding in which it was entered. If the record is silent as to the existence of a jurisdictional fact, that fact will be presumed.' " (*People v. Allegheny Casualty Co.* (2007) 41 Cal.4th 704, 716, italics omitted.) United States Fire points to nothing in the record to support its factual assertions.

United States Fire's additional arguments fare no better. It claims that the trial court lacked jurisdiction to forfeit the bond on August 22, 2023 because it was bound by the original appearance date (August 21) stated in the bond. This argument overlooks that the issuance of a bond secures a defendant's attendance at a multitude of court proceedings (§ 1305, subd. (a)(1)(A)-(E)), including "[a]ny other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required" (§ 1305, subd. (a)(1)(D)). And the bond itself guaranteed that the defendant in this case would "at all times hold him/herself amenable to the orders and process of the court … ."

United States Fire's argument also ignores a trial court's inherent power to control its own calendar. "It is well established, in California and elsewhere, that a court has both the inherent authority and responsibility to fairly and efficiently administer all of the judicial proceedings that are pending before it, and that one important element of a court's inherent judicial authority in this regard is 'the power … to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " (*People v. Engram* (2010) 50 Cal.4th 1131, 1146.) United States Fire cites no authority for the proposition that a trial court may not continue a defendant's

6

appearance date by one day.  And because United States Fire has not shown that the trial court could not change the appearance date, the court's failure to declare a forfeiture on the original (then-continued) appearance date did not result in exoneration of the bond or divestiture of the trial court's fundamental jurisdiction over it.  (See *People v. United Bonding Ins. Co.*, *supra*, 5 Cal.3d at pp. 905-907; *People v. Amwest Surety Ins. Co.*, *supra*, 125 Cal.App.4th at pp. 550-554.)  Accordingly, United States Fire has not shown that the trial court erred in rejecting its collateral attack on the court's entry of summary judgment.

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


/s/_____
FEINBERG, J.

We concur:



/s/_____
HULL, Acting P. J.



/s/_____
BOULWARE EURIE, J.

7